**201911563 - SERRANO, CRYSTAL vs. OCEAN HARBOR CASUALTY INSURANCE COMPANY (Court 165)**

Chronological History (non-financial) | Print All

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Family Cases, select non-confidential documents and all e-filings are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). **If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.**
You may print and save uncertified copies of documents from the preview window.

Purchase Order ( 0 documents )

Print List

| Image No. | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|
| 84364866 | Defendant Ocean Harbor Casualty Insurance Companys Original Answer to Plaintiffs Original Petition and Request for Disclosure | | | 03/18/2019 | 4 | Add to Basket |
| 84052780 | Citation | | | 02/25/2019 | 2 | Add to Basket |
| 83904877 | Plaintiff's Original Petition | | | 02/15/2019 | 10 | Add to Basket |
| -> 83904878 | Civil Process Request | | | 02/15/2019 | 2 | Add to Basket |
| 83967546 | Civil Process Pick-Up Form | | | 02/15/2019 | 1 | Add to Basket |

[WS7]

**EXHIBIT B**

CAUSE NO. 201911563

RECEIPT NO. 0.00    CIV
\*\*\*\*\*\*\*\*\*    TR # 73593315

PLAINTIFF: SERRANO, CRYSTAL
  vs.
DEFENDANT: OCEAN HARBOR CASUALTY INSURANCE COMPANY

In The 165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

TO: OCEAN HARBOR CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED
    AGENT CT CORPORATION SYSTEM
    350  NORTH SAINT PAUL STREET    DALLAS  TX  75201

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>15th day of February, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 15th day of February, 2019, under my hand and seal of said Court.

<u>Issued at request of:</u>
BUZBEE, ANTHONY GLENN
600   TRAVIS, STE. 7300
HOUSTON, TX  77002
Tel: (713) 223-5393
<u>Bar No.</u>: 24001820

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON    7MM//11161813

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ___.M., on the _____ day of _____,
_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

                                                _____ of _____ County, Texas
                                        By _____
Affiant                                            Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                _____
                                                Notary Public

N.INT.CITR.P                    \*73593315\*

**EXHIBIT B**





# MARILYN BURGESS
## HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED __LJ__

## Civil Process Pick-Up Form

CAUSE NUMBER: __2019 11563__

ATY _____   CIV __✓__   COURT __165__

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY REQUESTING: __Christopher J. Leavitt__   ATTY. PHONE #: __713 223 5393__

*CIVIL PROCESS SERVER (CIV): __Court Records Research__   BOX: __107__

*CIV PHONE NUMBER: __713 227 3353__

*PERSON NOTIFIED SVC READY: _____

* NOTIFIED BY: _____

DATE: _____

Type of Service Document: __CITR__   Tracking Number __73593315__

Process papers prepared by: __Nelson Cuero__

Date: __Friday, February 15, 2019__   30 days waiting __03 - 17 - 19__

*Process papers released to: __CA (CA)__
                              (PRINT NAME)
*(CONTACT NUMBER) __224-8353__   (SIGNATURE)

*Process papers released by: _____
                              (PRINT NAME)
                              Lisa Thomas
                              (SIGNATURE)

* Date: _____, 2019   Time: __4__   AM / PM

Revised 12-15-2014

EXHIBIT B

2/15/2019 10:18:36 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 31228287
By: CUERO, NELSON
Filed: 2/15/2019 10:18:36 AM

Case 4:19-cv-01050   Document 1-2   Filed on 03/21/19 in TXSD   Page 4 of 23

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's Original Petition

FILE DATE OF MOTION: February 15, 2019
                        Month/    Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: OCEAN HARBOR CASUALTY INSURANCE COMPANY
   ADDRESS: 350 North Saint Paul Street, Dallas, Texas 75201
   AGENT, (if applicable): CT CORPORATION

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☒ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Court Records Research   Phone: _____
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:   ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

*********************************************************************************
****

2. NAME: _____
   ADDRESS: _____
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:   ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:
NAME: Christopher J. Leavitt                              TEXAS BAR NO./ID NO. 24053318
MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002
PHONE NUMBER: 713        223-5393          FAX NUMBER: 713        223-5909
              area code  phone number                  area code  fax number
EMAIL ADDRESS: cleavitt@txattorneys.com

CIVCI08 Revised 9/3/99

**EXHIBIT B**

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

| INSTRUMENTS TO BE SERVED: | PROCESS TYPES: |
|---|---|
| (Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.) | |
| | NON WRIT: |
| ORIGINAL PETITION | CITATION |
| _____ AMENDED PETITION | ALIAS CITATION |
| _____ SUPPLEMENTAL PETITION | PLURIES CITATION |
| | SECRETARY OF STATE CITATION |
| | COMMISSIONER OF INSURANCE |
| COUNTERCLAIM | HIGHWAY COMMISSIONER |
| _____ AMENDED COUNTERCLAIM | CITATION BY PUBLICATION |
| _____ SUPPLEMENTAL COUNTERCLAIM | NOTICE |
| | SHORT FORM NOTICE |
| CROSS-ACTION: | |
| _____ AMENDED CROSS-ACTION | PRECEPT (SHOW CAUSE) |
| _____ SUPPLEMENTAL CROSS-ACTION | RULE 106 SERVICE |
| | |
| THIRD-PARTY PETITION: | SUBPOENA |
| _____ AMENDED THIRD-PARTY PETITION | |
| _____ SUPPLEMENTAL THIRD-PARTY PETITION | WRITS: |
| | ATTACHMENT (PROPERTY) |
| INTERVENTION: | ATACHMENT (WITNESS) |
| _____ AMENDED INTERVENTION | ATTACHMENT (PERSON) |
| _____ SUPPLEMENTAL INTERVENTION | |
| | |
| INTERPLEADER | CERTIORARI |
| _____ AMENDED INTERPLEADER | |
| _____ SUPPLEMENTAL INTERPLEADER | EXECUTION |
| | EXECUTION AND ORDER OF SALE |
| | |
| | GARNISHMENT BEFORE JUDGMENT |
| INJUNCTION | GARNISHMENT AFTER JUDGMENT |
| MOTION TO MODIFY | |
| | HABEAS CORPUS |
| SHOW CAUSE ORDER | INJUNCTION |
| TEMPORARY RESTRAINING ORDER | TEMPORARY RESTRAINING ORDER |
| | |
| | PROTECTIVE ORDER (FAMILY CODE) |
| | PROTECTIVE ORDER (CIVIL CODE) |
| BILL OF DISCOVERY: | |
| ORDER TO: _____ | |
| (specify) | POSSESSION (PERSON) |
| | POSSESSION (PROPERTY) |
| MOTION TO: _____ | |
| (specify) | |
| | SCIRE FACIAS |
| | SEQUESTRATION |
| | SUPERSEDEAS |

Unofficial Copy Office of Marilyn Burgess District Clerk

CIVCI08 Revised 9/3/99

**EXHIBIT B**

2/15/2019 10:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31228287
By: Nelson Cuero
Filed: 2/15/2019 10:18 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CRYSTAL SERRANO | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| OCEAN HARBOR CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

COMES NOW, Plaintiff, CRYSTAL SERRANO ("Plaintiff") and brings this action against Defendant OCEAN HARBOR CASUALTY INSURANCE COMPANY ("Defendant"). For cause of action Plaintiff would respectfully show this Honorable Court the following:

## DISCOVERY CONTROL PLAN

1. Discovery will be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff, CRYSTAL SERRANO, is an individual and a resident of Harris County. Plaintiff purchased an insurance policy for his home from Defendant that provided insurance coverage for damage caused by windstorm or hail.

3. Defendant OCEAN HARBOR CASUALTY INSURANCE COMPANY is a property insurer doing business in Texas. At all times relevant herein, Defendant OCEAN HARBOR CASUALTY INSURANCE COMPANY provided and was responsible for the windstorm policy owned by Plaintiff. Defendant may be served by serving its registered agent, CT Corporation System at: 350 North Saint Paul Street, Dallas, Texas 75201.

**EXHIBIT B**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

5. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of this Court.

6. Venue is proper in this County in that a substantial number of the actions complained of occurred in this County.

## SUMMARY OF ALLEGATIONS

7. Plaintiff is the owner of a Dwelling Policy (hereinafter referred to as "the Policy"), which was issued by the Defendant.

8. Plaintiff owns the insured property, which is specifically located at 6706 Trial Loop West, Rosharon, Texas 77583 (hereinafter referred to as "the Property").

9. On or about August 17, 2017, Hurricane Harvey caused massive damage across the Gulf Coast of Texas. This damage included, but was not limited to, windstorm damage to Plaintiff's property. Plaintiff submitted a claim to Defendant against the Policy for the damage to the Property sustained as a result of Hurricane Harvey. Plaintiff asked that Defendant cover the cost of repairs to the Property and additional living expenses pursuant to the Policy.

10. Defendant wrongfully refused Plaintiff's claim for full repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

11. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay an adequate

EXHIBIT B

amount of the Policy, although demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

12. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

13. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(2)(A).

14. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(3).

15. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim, in writing from Defendant. Defendant's conduct

**EXHIBIT B**

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(4).

16. Defendant refused to fully compensate Plaintiff under the terms of the Policy, and failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(7).

17. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledgment of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE.§542.055.

18. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE.§542.056.

19. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not yet received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE.§542.058.

20. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of an attorney and law firm to represent him with respect to these causes of action.

22. Plaintiff's experience is not an isolated case. The acts and omissions committed in this case by Defendant, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's claims process is unfairly designed to reach a favorable outcome for the company at the expense of the policyholders.

## CAUSES OF ACTION

### A. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

23. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX. INS. CODE.§541.151.

24. Defendant's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(1).

25. Defendant's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(2)(A).

26. The unfair settlement practice of Defendant failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(3).

27. Defendant's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(4).

28. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(7).

## B. FRAUD

29. Defendant is liable to Plaintiff for common law fraud.

30. Each and every representation, as described above, concerned material facts for the reason Plaintiff would not have acted, and which Defendant knew were false or made recklessly, without any knowledge of their truth as a positive assertion.

31. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

32. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE.§542.060.

33. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE.§542.055.

34. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE.§542.056.

35. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claim. TEX. INS. CODE.§542.058.

### D. BREACH OF CONTRACT

36. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

37. Defendant's failure and refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of contract with Plaintiff.

### E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

38. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

39. Defendant's failure to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at the time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

40. Each of the acts described above, together and singularly, was done "knowingly", as that term is used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

### DAMAGES

41. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

42. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of their claims, together with attorney fees.

43. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times the actual damages. TEX. INS. CODE.§541.152.

44. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE.§542.060.

45. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

46. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney fees, interest, and court costs.

47. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

48. Plaintiff has not and will never ask, receive, or take a judgment for any amount exceeding $75,000.

## JURY DEMAND

49. Plaintiff hereby respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(A) Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in his behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled. Plaintiff has not and will never ask, receive, or take a judgment for any amount exceeding $75,000.

(B) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Christopher J. Leavitt
State Bar No. 24053318
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFFS**

Case 4:19-cv-01050 Document 1-2 Filed on 03/21/19 in TXSD Page 16 of 20

3/18/2019 9:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32002495
By: Mercedes Ramey
Filed: 3/18/2019 9:52 AM

## CAUSE NO: 2019-11563

| | | |
|---|---|---|
| **CRYSTAL SERRANO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OCEAN HARBOR CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **165TH JUDICIAL DISTRICT** |

### DEFENDANT, OCEAN HARBOR CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ocean Harbor Casualty Insurance Company ("Ocean Harbor,"), Defendant in the above-entitled and numbered cause and files this, its Answer to Plaintiff's Original Petition and would respectfully show unto the Court the following:

### I.

Ocean Harbor asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove her charges and allegations against Ocean Harbor by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.

### AFFIRMATIVE DEFENSES

1. Ocean Harbor denies that the required conditions precedent were performed and/or occurred.

2. If any of Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

**EXHIBIT B**

3. The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom Ocean Harbor had no control, including but not limited to Plaintiff, therefore, Ocean Harbor is not liable to Plaintiff.

4. Ocean Harbor issued Policy no. SWM-301435-05 to Crystal Serrano for the premises located at 6706 Trail Loop W, Rosharon, Texas 77583. (the "Policy") Ocean Harbor refers to the Policy and adopts its terms, conditions and exclusions as if copied *in extenso*.

5. The Policy excludes coverage for "loss caused by, resulting from, contributing to or aggravated by flood water, surface water, waves, tidal water or overflow of a body of water or spray from any of these whether or not driven by wind; or water sewage which backs up through sewers or drains or which overflows from a sump; or water below the surface of the ground. This includes water which exerts pressure on or flows, seeps or leaks through any part of your dwelling or other structure, foundation, sidewalk, driveway or swimming pool."

6. The Policy extends coverage to the property described above that occurs "during the policy period and when such loss or damage is caused directly, suddenly and accidentally by any peril except collision," and excludes coverages for "damage resulting only from leakage of rain, sleet or snow," which "shall not be deemed direct and accidental and is not intended to be covered."

7. Ocean Harbor is entitled to any credits or set-offs for prior payments by Ocean Harbor or other third parties.

8. To the extent that some or all of Plaintiff's claims may have been fully adjusted and payment tendered, Plaintiff is only entitled to one satisfaction or recovery for her alleged damages.

2

**EXHIBIT B**

9. Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

10. Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual Insurance Code claims. Because Plaintiff's allegations are generally based on Defendant's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Insurance Code claims.

### III.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

### IV.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, Ocean Harbor Casualty Insurance Company, respectfully prays that Plaintiff take nothing by her suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which Ocean Harbor may be justly entitled.

3

**EXHIBIT B**

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    Sarah C. Plaisance
    Texas State Bar No. 24102361
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    sarah.plaisance@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT,
    OCEAN HARBOR CASUALTY INSURANCE
    COMPANY


## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 18 day of March, 2019.

Anthony G. Buzbee
Christopher J. Leavitt      *Via Eserve*
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
www.txattorneys.com
*Attorneys for Plaintiff*


    */s/ Sarah R. Smith*
    Sarah R. Smith

4

**EXHIBIT B**

**CAUSE NO. 2019-11563**

| | |
|---|---|
| CRYSTAL SERRANO<br>VS. | IN THE 165TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS |
| OCEAN HARBOR CASUALTY<br>INSURANCE COMPANY | |

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, __Guy C. Connelly__ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is __Guy C. Connelly__ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

__2701 W. 15th, Plano, TX 75075__
(SERVER'S ADDRESS)

2. ON __2/18/19__ (DATE) AT __9:30__ (__A__) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to OCEAN HARBOR CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM.

3. ON __2/18/19__ (DATE) AT __12:00__ (__B__) M (TIME) - The above named documents were delivered to: OCEAN HARBOR CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM by delivering to

__C.T. Corporation Reg Agent__
(NAME AND TITLE), authorized agent for service @

__1999 Bryan, Suite 900, Dallas, TX 75201__
(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# __2201__ EXPIRATION: __5/30/20__

Guy C. Connelly
**AFFIANT PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by __Guy C. Connelly__ appeared on this __18__ day of __FEBRUARY__, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.02.356421
ANNA M CONNELLY
My Commission Expires
March 1, 2019

**EXHIBIT B**