# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL SERRANO, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-19-1050 |
| § | | |
| OCEAN HARBOR CASUALTY COMPANY, § | | |
| § | | |
| *Defendant*. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant Ocean Harbor Casualty Company ("Ocean Harbor"). Dkt. 20. Plaintiff Crystal Serrano did not file a response to the motion. After considering the motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is an insurance case related to alleged damage resulting from Hurricane Harvey. Dkt. 1, Ex. B. Serrano's residence was insured by Ocean Harbor during Hurricane Harvey. Dkt. 20, Ex. A. Ocean Harbor received Serrano's claim for alleged damage caused by the hurricane on September 5, 2017. Dkt. B ¶ 7. Ocean Harbor contends that it attempted to inspect the home on multiple occasions, but Serrano either did not show up to meet the adjuster or failed to respond to calls. *Id.* ¶ 8. Ocean Harbor continued to attempt to inspect the property and sent letter every two months until Serrano finally responded and requested to reopen her claim on February 22, 2018. *Id.* ¶¶ 8–9. The parties got together for an inspection on March 1, 2018, and Ocean Harbor issued a payment to Serrano in the amount of the estimated damage, minus her deductible and depreciation, on the same day. *Id.* ¶ 9.

Serrano's counsel contacted Ocean Harbor on July 3, 2018. Dkt. 20, Ex. C. He advised that Serrano had claims under the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, as well as related causes of action, stated that Serrano incurred economic damages of $75,369.78 for repair to her residence, and sought to resolve the dispute without litigation. Dkt. 20, Ex. C. Ocean Harbor re-inspected the residence on October 31, 2018, revised its estimate on the damage, and issued an additional payment of $430.87. Dkt. B ¶ 10. Serrano filed this lawsuit in state court on February 15, 2019, and it was removed to this court on March 21, 2019. Dkt. 1; Dkt. 1, Ex. B.

In the petition, Serrano claims that Ocean Harbor breached its contract by not paying her entire claim, violated the Texas Insurance Code in multiple ways, and breached the common law duty of good faith and fair dealing. Dkt. 1, Ex. B. She alleges that Ocean Harbor's liability to pay the full claim was "reasonably clear." *Id.* She asserts claims for (1) unfair settlement practices under the Texas Insurance Code; (2) fraud; (3) failure to promptly pay claims as required by the Texas Insurance Code; (4) breach of contract; and (4) breach of the common law duty of good faith and fair dealing. *Id.* She also seeks treble damages and attorneys' fees. *Id.*

On October 4, 2019, Ocean Harbor filed a status report in which it advised the court that the parties' appraisers had conducted a joint appraisal on September 17, 2019, and that if the parties' appraisers did not agree on an amount, they would select an umpire. Dkt. 19. On October 17, 2019, the appraisers submitted an Insurance Appraisal Award Agreement to Ocean Harbor; Serrano's appraiser and Ocean Harbor's appraiser both signed this document. Dkt. 20, Ex. B-5. Ocean Harbor issued a payment for $4,776.89, which is the additional amount due for the loss agreed upon by the appraisers, on October 22, 2019. Dkt. 20, Ex. B ¶ 12.

On November 29, 2019, Ocean Harbor filed its motion for summary judgment. Dkt. 20. Ocean Harbor argues that by agreeing to participate in the appraisal process, the parties agreed the award would "set aside the amount of the loss" and that since Ocean Harbor has paid that amount, there are no remaining issues of liability or damages. *Id.* Serrano did not respond to the motion for summary judgment, which is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 436 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2540 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Breach of Contract Claim

Serrano asserts a breach of contract claim based on "failure to pay adequate compensation" under the policy. Dkt. 1, Ex. B. Ocean Harbor argues that Serrano is estopped from asserting her breach of contract claim because the parties agreed that the appraisal award would set the amount of loss and Ocean Harbor promptly paid the amount of the award. Dkt. 20. Under Texas law, an "insurer's payment of [an appraisal] award bars the insured's breach of contract claim premised on

failure to pay the amount of the covered loss." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 129 (Tex. 2019). Because the breach of contract claim is for loss under the policy that was covered by the appraisal award, Ocean Harbor has met its summary judgment burden of demonstrating the absence of a genuine issue of material fact. Serrano, who did not respond to the motion for summary judgment, has not come forward with an issue of material fact. Accordingly, Ocean Harbor's motion for summary judgment on the breach of contract claim is GRANTED.

**B.       Breach of the Common Law Duty of Good Faith and Fair Dealing**

Serrano's breach of the common law duty of good faith and fair dealing is based on Ocean Harbor's alleged "failure to adequately and reasonably investigate and evaluate" her claim. Dkt. 1, Ex. B ¶ 39. Ocean Harbor argues that Serrano cannot recover an extra-contractual remedy for breach of the duty of good faith and fair dealing because Ocean Harbor does not owe anything under the contract due to its payment of the appraisal award. Dkt. 20. Under Texas law, "the payment [of an appraisal award] bars the insured's common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits." *Ortiz*, 589 S.W.3d at 129. Here, since Serrano is seeking damages because Ocean Harbor allegedly did not properly investigate and evaluate, her damages relate to what she claims she should have received under her policy. Serrano did not respond to the motion for summary judgment and raise an issue of material fact otherwise. Accordingly, Ocean Harbor's motion for summary judgment on the common law duty of good faith and fair dealing is GRANTED.

**C.       Fraud**

Serrano contends conclusorily in her petition that the statements made by Ocean Harbor are fraudulent claims. Dkt. 1, Ex. B ¶¶ 30–31. Ocean Harbor moves for summary judgment in its favor on this claim, arguing that, like with all the extra-contractual claims, Serrano has not pled an

4

independent injury outside of contractual damages and has no evidence that there is an issue of material fact indicating that she suffered an independent injury due to Ocean Harbor's alleged fraud. Dkt. 20. The court agrees that Serrano has presented no issue of material fact supporting her fraud claim. Accordingly, Ocean Harbor's motion for summary judgment on the fraud claim is GRANTED.

**D.      Prompt Payment of Claims Act**

Serrano contends that Ocean Harbor violated the Texas Prompt Payment of Claims Act ("TPPCA"), Texas Insurance Code sections 542.055, 542.056, and 542.058, and that it is liable for damages under section 542.060. Dkt. 1, Ex. B. Specifically, Serrano asserts that Ocean Harbor (1) failed to acknowledge receipt of and commence investigation of her claim and did not request all items, statements, and forms from her in violation of subsection 542.055; (2) failed to notify her in writing of its acceptance or rejection of her claim within the applicable time restraints in violation of subsection 542.056; and (3) delayed payment in violation of subsection 542.058. *Id.* Ocean Harbor provides evidence that it issued payment for the appraisal award within three days of receiving it, and it argues that it is therefore entitled to summary judgment on the TPPCA claim so long as it pre-appraisal payment was reasonable. Dkt. 20. Ocean Harbor provides evidence that it complied with all of the TPPCA requirements in its pre-suit handling of the claim, once Serrano reopened her claim after failing to respond to Ocean Harbor's requests to inspect the property, and that Serrano merely disagrees with its valuation of her loss.[1]  *Id.*

---

[1] The insurer must not delay payment more than 60 days *after* it "receives all items, statements, and forms reasonably requested and required under Section 542.055." Tex. Ins. Code Ann. § 542.058(a).

"To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019). "Nothing in the TPPCA . . . excuse[s] an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process." *Id.* at 819. "[U]se of a policy's appraisal process to resolve a dispute as to the value of loss—that is, the amount of benefits the insured would be entitled to under the policy if the insurer were determined liable for the claim—and payment based on the appraisal has no bearing on the TPPCA's payment deadlines or enforcement of those deadlines." *Id.* at 822. Generally, there is no statutory violation if the payment made within the statutory timeframe prior to the appraisal process was reasonable. *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 259 (5th Cir. 2017); *see also Hyewon Shin v. Allstate Tex. Lloyds*, No. 4:18-CV-01784, 2019 WL 4170259, at *1–2 (S.D. Tex. Sept. 3, 2019) (Ellison, J.) ("[T]he Court reads *Barbara Technologies*, in conjunction with *Mainaili*, as standing for the proposition that, in order for an insurer to avoid a Prompt Payment Act claim by a plaintiff, the insurer must have made a reasonable preappraisal payment within the statutorily-provided period.").

Here, Ocean Harbor provides evidence that it made a preappraisal payment within the statutorily-provided period that was $850.01 less than the appraisal award, and it argues that the preappraisal payment was thus reasonable and notes that it promptly paid the appraisal award. Dkt. 20. The court finds it noteworthy that after deducting payments already made, the payment after the appraisal was $4776.89, and the total prior payments were only $3,926.88. While there is certainly only an $850.01 difference between these payments, the total appraisal award ($9,703.77)

6

is more than double the preappraisal payment. *See* Dkt. 20, Exs. B-5, B-6. However, Serrano provides no summary judgment evidence regarding the reasonableness of this award, and she does not argue that the previous amount was unreasonable. The court is thus left with no choice but to consider her failure to respond as a lack of opposition to the argument that this preappraisal amount was reasonable. *See* S.D. Tex. L.R. 7.4. Accordingly, Ocean Harbor's motion for summary judgment on the TPPCA claim is GRANTED.

**E.     Other Texas Insurance Code Claims**

Serrano asserts various alleged unfair settlement practices in violation of the Texas Insurance Code. Dkt. 1, Ex. B. Serrano contends that Ocean Harbor misrepresented material facts as to the coverage at issue, failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement even though liability was reasonable clear, failed to promptly provide her with a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the offer of a compromise settlement, failed within a reasonable time to affirm or deny coverage, and refused to pay her claim without conducting a reasonable investigation. *Id.* at ¶¶ 24–28.

Ocean Harbor moves for summary judgment on all of these claims, arguing that they are extra-contractual claims that are foreclosed by the payment of the appraisal award because there is no injury independent of the loss of benefits. Dkt. 20. Serrano has not provided any summary judgment evidence of damages that are independent from the benefits due under the policy. Because Serrano has not met her burden of demonstrating there is an issue of material fact supporting her claim for damages for alleged violations of the Texas Insurance Code, Ocean Harbor's motion for summary judgment on those claims is GRANTED.

## IV. Conclusion

Ocean Harbor's motion for summary judgment is GRANTED. All of Serrano's claims are DISMISSED WITH PREJUDICE. The court will enter a final judgment concurrently with this order.

Signed at Houston, Texas on March 31, 2020.

Gray H. Miller
Senior United States District Judge